**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

YENISLEY MILIAN
and MICHEL GARCIA,
*on behalf of their minor child*, M.G.M.,

Plaintiffs,

v. Case No. 8:25-cv-2610-KKM-LSG

SCHINDLER ELEVATOR CORPORATION and MACY'S RETAIL HOLDINGS, LLC,

Defendants.

---

**ORDER**

Schindler Elevator Corporation moves for summary judgement on the plaintiffs' negligence claim that Schindler failed to keep safe or inaccessible an out-of-service department-store escalator that the plaintiffs' child fell down. *See* MSJ (Doc. 44); Compl. (Doc. 1-1). Schindler argues that the plaintiffs fail to establish a genuine dispute of fact and that it is entitled to judgment as a matter of law. *See* MSJ at 5. The plaintiffs do not respond. Because the plaintiffs fail to establish a genuine dispute of fact and because Schindler is

entitled to judgment as a matter of law on breach and proximate cause, I grant the motion.

## I. BACKGROUND

Schindler provides escalator-repair and maintenance services to third parties. *See* Triplett Aff. (Doc. 44-1). On February 7, 2025, after one of Schindler's clients, a Macy's department store in Tampa, Florida, called to report that the handrail on its second-floor-to-first-floor escalator malfunctioned, Schindler sent a service technician to inspect it. *See id.* ¶4. Upon arrival, Schindler's technician, John Triplett, "troubleshoot[ed]" the problem. Triplett Aff. ¶4. After examining it, he "determined [that] the escalator could not be repaired" right away. *Id.* So he rendered the escalator inoperative and barricaded it with "Schindler's standard escalator barricades" to keep others from walking on it. *Id.* Schindler did not return to fix the escalator before February 13, 2025. *Id.* ¶5.

Less than a week later, on February 13, 2025, the plaintiffs, their three-year-old child, and a couple other adult family members ventured to that same Macy's. *See* Garcia Dep. 38:18–39:19. Once there, the family perused the first-floor wares before riding an operative up-escalator to the second floor. *Id.* at 13:13–14:8. A little while later, the family decided to travel back down to the first floor. *Id.* at 14:21–24. As the family approached the out-of-service escalator, they noticed that it was not working. *Id.* at 14:13–20. Instead of

looking for an alternative, like an elevator or stairs, the family "assumed that [the down-escalator] was the only option" to get back to the first floor. *Id.* at 39:16–25.

Unlike when Schindler left the escalator barricaded on February 7, 2025, it was no longer blocked on February 13, 2025. *Id.* at 39:16–41:19. Without that barricade in place, the family decided to walk down that stopped escalator, with the three-year-old child in tow. *Id.* at 15:13–16:25. The group treated the out-of-service escalator like a run-of-the-mill staircase, even directing the three-year-old to walk down the escalator while holding the hand of an adult cousin. *Id.* at 32:4–16. But as the three-year-old went down, he eventually fell, suffering multiple cuts on his head. *Id.* at 17:13–25, 22:8–13.

At some point after Schindler's technician left the escalator barricaded, *see* Triplett Aff. ¶4., but before the accident occurred on February 13, 2025, the barricade was removed by someone other than Schindler, *see* Garcia Dep. at 39:16–41:19. If that barrier had been present, the child's father admits that the group "would have gone to look for another alternative [route to the first floor] and this incident would not have happened." *Id.* at 41:11–19. But because that barricade was missing, the plaintiffs directed the child to climb down the escalator anyway.

The plaintiffs bring negligence claims against Schindler and Macy's for

the injuries that their child suffered. *See generally* Compl.[1] Schindler moves for summary judgment on the negligence claim, arguing that the plaintiffs fail to establish multiple elements, including breach and proximate cause. *See* MSJ at 5. To support its motion, Schindler points to only two pieces of evidence: Tripplett's Affidavit and the child's father's deposition transcript. *Id.* The plaintiffs fail to respond to the motion and add nothing to the record.

## II. LEGAL STANDARD

Summary judgment is appropriate if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). When deciding whether the movant has met this burden, "the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party." *Id.* Once the movant's initial burden is met, the burden shifts to the nonmovant to "come forward with 'specific facts showing that there is a genuine issue for trial.' " *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). But when the nonmovant fails to respond to the motion, I may grant summary judgment if "appropriate" based on "the

[1] Macy's refrained from filing any dispositive motions, so only Schindler's motion is at issue here.

evidentiary materials submitted in support of the motion for summary judgment." *See United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101–02 (11th Cir. 2004). The moving party can establish entitlement to summary judgment when the nonmoving party "fail[s] to make a sufficient showing on an essential element of [the] case with respect to which [the nonmoving party] has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also In re Optical Techs., Inc.*, 246 F.3d 1332, 1334 (11th Cir. 2001) (explaining that "summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law' " (quoting FED. R. CIV. P. 56(c))).

## III. ANALYSIS

At the outset, there are no disputed facts. Schindler provides the sole "evidentiary materials submitted in support" of the motion for summary judgment: Tripplett's Affidavit and the child's father's deposition transcript. *See One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d at 1101–02. Without any contestation from the plaintiffs, I accordingly "consider the fact[s]" contained within Schindler's motion and supporting materials as "undisputed for the purposes of [this] motion." *See* FED. R. CIV. P. 56(e)(2). The only issue that remains is whether Schindler is legally entitled to

judgment on the merits of this undisputed record. *See id.* at 56(e)(3); *One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004) (explaining that a "district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion").

As to the merits, the plaintiffs bring their negligence claim under Florida common law. *See* Compl. ¶¶ 17–22; MSJ at 5; *see also Emergency Recovery, Inc. v. Gov't Emps. Ins. Co.*, 773 F. Supp. 3d 1304, 1314–15 (M.D. Fla. 2025) (explaining that in diversity cases, district courts look to a specific state's judicial decisions for the content of the common law). To prove a common-law negligence claim, a plaintiff must establish four elements: legal duty, breach of that duty, causation (including proximate cause), and damages. *See Jackson Hewitt, Inc. v. Kaman*, 100 So. 3d 19, 27–28 (Fla. 2d DCA 2011) (citing *Clay Elec. Co-op., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003)). Because the plaintiffs fail to establish breach or proximate cause—both "essential element[s]"—I grant summary judgment to Schindler. *See Celotex Corp.* 477 U.S. at 323.[2]

---

[2] Because the plaintiffs fail to establish these two elements, I refrain from analyzing duty or damages. *See Celotex Corp.*, 477 U.S. at 322.

**A. Breach of Duty**

To prove breach, a plaintiff must establish that the defendant failed "to conform to a certain standard of conduct for the protection of others." *See Norman v. DCI Biologicals Dunedin, LLC*, 301 So. 3d 425, 428 (Fla. 2d DCA 2020); *Ugaz v. Am. Airlines, Inc.*, 576 F. Supp. 2d 1354, 1367 (S.D. Fla. 2008) (applying Florida law to analyze a negligence claim arising out of a fall suffered by a plaintiff on a stopped escalator). The plaintiffs claim that Schindler owed a duty to the plaintiffs' child "to ensure that the escalator was reasonably safe for use or, if unsafe, to ensure that it was rendered inaccessible." Compl. ¶ 19; *see also Vogel v. Cornerstone Drs. Condo. Ass'n, Inc.*, 299 So. 3d 1170, 1174 (Fla. 2d DCA 2020) (describing the duties that the *owners* of escalators owe to patrons). Schindler disputes that it breached any duty. MSJ at 5.

Even if Schindler bore this duty, the record does not support that Schindler breached. *See Vogel*, 299 So. 3d at 1174; *Ugaz*, 576 F. Supp. 2d at 1368–69. The undisputed facts establish that Schindler inspected the escalator, rendered it inoperative, and barricaded it so that it would be inaccessible until it could be repaired. *See* Triplett Aff. ¶ 4. And if Schindler needed to keep Macy's escalator reasonably safe, Schindler did so by shutting down and blocking off the escalator with a barricade. *Id.*; *cf. Vogel*, 299 So. 3d at 1174 (explaining that a failure to "barricade" may amount to breach). Any breach that occurred here flows instead from the actions of an unidentified

third party that seems to have removed the barricade before the family arrived at Macy's; but responsibility for that unrelated party's potential breach does not lie with Schindler. *See Grieco v. Daiho Sangyo, Inc.*, 344 So. 3d 11, 25 (Fla. 4th DCA 2022) ("In Florida, there is . . . no liability for [] a third party's misconduct absent the existence of a special relationship."). Because the plaintiffs do not show that Schindler acted unreasonably, it is entitled to summary judgment on breach alone. *See Celotex Corp.*, 477 U.S. at 323.

**B. Proximate Cause**

Beyond breach, the plaintiffs cannot establish proximate cause. Narrowing in on this element, it demands "that the [defendant's] dangerous activity foreseeably caused the specific harm suffered by those claiming injury." *Dorsey v. Reider*, 139 So. 3d 860, 864 (Fla. 2014). When "prudent human foresight" suggests that a particular kind of "harm is likely" to occur given a particular act, then that act can be considered a proximate cause. *See Shah v. Patel*, 419 So. 3d 646, 652 (Fla. 4th DCA 2025). But merely "furnishing the occasion for a person to be injured by the supervening negligence of a third party" will not suffice. *Ruiz v. Tenet Hialeah Healthsystem, Inc.*, 260 So. 3d 977, 982 (Fla. 2018). An intervening cause—one that is "independent of and not set in motion by the initial wrong," *id.* (quoting *Sardell v. Malanio*, 202 So. 2d 746, 747 (Fla. 1967))—severs potential liability. For that severance to occur, the intervening cause must be unrelated, meaning the defendant's acts cannot

"directly contribute to the force or effectiveness of the intervening cause." *St. Fort ex rel. St. Fort v. Post, Buckley, Schuh & Jernigan*, 902 So. 2d 244, 249 (Fla. 4th DCA 2005). "Although 'courts have held that [proximate cause is] generally for juries to decide using their common sense . . . when reasonable people cannot differ, the issue has been said to be one of law for the court.' " *See Baker as Pers. Representative of Est. of Trevor Baker v. Lone Star Wheel Components LLC*, No. 25-12253, 2026 WL 1330783, at *1 (11th Cir. May 13, 2026) (citation omitted).

Based on this undisputed record, Schindler's acts—shutting-off the escalator and barricading it—did not proximately cause the child's injuries; if anything, an unknown third-party's intervening removal of the barricade did. The plaintiff's own admission, that if a barricade had been in place the child never would have walked down the stairs, confirms as much. *See* Garcia Dep. at 41:11–19. (admitting that if a barrier had been present blocking escalator access, "this incident would not have happened"). Because Schindler rendered the escalator inaccessible on February 7, 2025, and did not return to Macy's before the child's injury occurred on February 13, 2025, the record circumstantially supports that someone other than Schindler removed the barricade. To be sure, the "natural, direct, and continuous" consequence of removing that barricade might have been the child's injury. *See Ugaz*, 576 F.Supp.2d at 1369. But Schindler is not liable for harms proximately caused

by intervening third parties, after it took reasonable steps to close the escalator. *See Baker v. Lone Star Wheel Components, LLC*, No. 8:24-CV-1510-KKM-CPT, 2025 WL 1591690, at *2 (M.D. Fla. June 5, 2025), *aff'd sub nom. Baker*, 2026 WL 1330783 (applying Florida negligence caselaw to hold that an intervening cause foreclosed proximate cause). Without any evidence to suggest that Schindler removed the barricade or left the escalator open, the plaintiffs cannot succeed on proximate cause, and Schindler is entitled to summary judgment on this element as well. *See Celotex Corp.*, 477 U.S. at 323.

## IV. CONCLUSION

Because no genuine dispute of material fact exists as to breach of duty and proximate cause, Schindler is entitled to judgment as a matter of law, and I grant Schindler's motion for summary judgment.

Accordingly, the following is **ORDERED**:

1. Defendant's Motion for Summary Judgment (Doc. 44) is **GRANTED**.
2. The Clerk is directed to **TERMINATE** Schindler Elevator Corporation from this action.

**ORDERED** in Tampa, Florida, on October 20, 2026.

Kathryn Kimball Mizelle

Kathryn Kimball Mizelle
United States District Judge